**ORIGINAL**

1ST CIRCUIT COURT
STATE OF HAWAII
FILED
2011 JUN -8 PM 12: 28
N. ANAYA
EX OFFICIO CLERK

MICHAEL JAY GREEN    4451
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

TE-HINA ICKES    9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALESIA WAIAMAU and JUSTIN WAIAMAU;<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII FIVE STARS, INC.; MCDONALD'S CORPORATION; MCDONALD'S RESTAURANTS OF HAWAII, INC.; and DOE DEFENDANTS 1-50,<br><br>Defendants. | CIVIL NO. 11-1-0192<br>(Other Civil Action)<br>Hilo<br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiffs, by and through their undersigned attorneys, alleges and avers as follows:

I. **PARTIES**

1. Plaintiff Alesia Waiamau ("Alesia") at all times relevant herein, is and was a resident of the County of Hawaii, State of Hawaii.

2. Plaintiff Justin Waiamau ("Mr. Waiamau") at all times relevant herein, is and was a resident of the County of Hawaii, State of Hawaii.

3. Defendant Hawaii Five Stars, Inc. at all times relevant herein, is and was a

PAID JUN - 9 2011
R#175750 - $400, 175752 - $25, 175753 - $52.0

I do hereby certify that this is a full, true and correct copy of the exemplified copy on file in this office.
Clerk, Third Circuit Ct.H. State of Hawaii

12/29/2011 07:39  8089619066  HI FIVE STARS MCD  PAGE 02/09

EXHIBIT A

domestic for profit corporation doing business in the State of Hawaii.

4. Defendant McDonald's Corporation at all times relevant herein, is and was a foreign for profit corporation doing business in the State of Hawaii.

5. Defendant McDonald's Restaurants of Hawaii, Inc. at all times relevant herein, is and was a domestic for profit corporation doing business in the State of Hawaii.

6. DOE Defendants 1-50 are individuals, corporations, partnerships, limited partnerships, joint ventures and/or other entities named here under fictitious names for the reason that, after reasonable investigation and inquiry, their true names and identities are presently unknown to Plaintiffs except that they are persons and/or entities who are agents, servants, employees, representatives and/or who were in some manner presently unknown to Plaintiffs engaged in the activities alleged in the Complaint filed herein; and/or who are in some manner responsible for the damage to Plaintiffs; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injury or damage to Plaintiffs; and Plaintiffs pray leave to insert herein their true names and capacities, activities and/or responsibilities when the same are ascertained. Reference hereinafter to a named Defendant and/or to any person or entity other than the Plaintiffs are also allegations against all DOE Defendants. Plaintiffs pray for leave to amend this Complaint to allege the identities, capacities, activities and/or responsibilities of the DOE Defendants described in this paragraph when the same are ascertained.

## II. JURISDICTION

7. All events described herein took place within the County of Hawaii, State of Hawaii and within the jurisdiction of the Circuit Court of the Third Circuit, State of Hawaii.

8. Ms. Waiamau timely complained to the Hawaii Civil Rights Commission (HCRC) and the Equal Employment Opportunity Commission (EEOC) about said violations, and received an HRCR and EEOC Notice of Right to Sue.

## III. FACTS

9. Alesia and Mr. Waiamau at all times relevant hereto is and were husband and wife.

10. In or about June 2009, Alesia was hired by Hawaii Five Stars, Inc. as a Crew

Member at McDonald's restaurant located at 2100 Kanoelehua Avenue, Hilo, Hawaii.

11. Throughout the course of her employment, Alesia was repeatedly and continuously subjected to sexual harassment.

12. The continuous and repeated harassment predicated upon Alesia was verbal and physical in nature.

13. Alesia made complaints to her superiors regarding the harassment.

14. However, despite Alesia's complaints, Hawaii Five Stars, Inc. failed and/or refused appropriate corrective action and the harassment continued.

15. As a result of Alesia's complaints of harassment against a co-employee, Alesia was subjected to retaliation and humiliation.

16. As a result, on or about August 24, 2009, Alesia was discharged from her employment.

17. In performing the acts described herein, the Defendants and each of them, through agents and/or employees, acted wantonly, oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and they otherwise engaged in willful misconduct with such an entire want of care so as to raise a presumption of a conscious indifference to the consequences and therefore Defendants are liable to Plaintiff for punitive damages in an amount to be shown at trial.

IV. **CAUSES OF ACTION**

### COUNT I

### SEXUAL HARASSMENT

18. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 17 above. The above described acts are in violation of Section 703 of Title VII of the Civil Rights Act of 1964 as amended, and the Civil Rights Act of 1991. The above described acts also violate Hawaii Revised Statutes ("HRS") Chapters 368 and 378.

19. Defendants and each of them knew or should have known of agents, supervisors, trainers and/or employees conduct and should have taken timely and appropriate corrective action.

20. The repeated humiliation as well as incidents of sexual harassment reflects a

pattern and practice of sexual harassment which culminated on or about August 24, 2009, when Alesia was terminated from her employment.

21. The actions and conduct of the Defendants and each of them, through its agents, supervisors, trainers and employees, substantially interfered with the employment of Alesia and created an intimidating, hostile and offensive work environment in clear violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and HRS Chapters 368 and 378.

22. The actions and conduct of the Defendants and each of them as described above, directly violated the provisions of Title VII and HRS Chapters 368 and 378 by *inter alia*:

   a. The Defendants and each of them failed to provide Alesia with employment conditions and relationships where she could safely work, free from verbal and non-verbal sexual harassment;

   b. The Defendants and each of them retaliated against Alesia based on his complaints of sexual harassment; and

   c. The Defendants and each of them failed to discharge, suspend, reprimand and/or otherwise discipline co-workers, supervisors and trainers, who either perpetrated in or ignored the sexual harassment.

23. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer general and special damages in an amount to be proved at trial.

## COUNT II

### NEGLIGENCE

24. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 23 above.

25. Based on the acts described above, the Defendants and each of them are liable to Plaintiff for negligence by failing to, *inter alia*:

   a. provide Alesia with a non hostile work environment free from harassment and discrimination based upon his gender;

   b. properly train, supervise, discipline, retain, hire and/or discharge their employees, agents and/or representatives; and

   c. the Defendants and each of them were otherwise negligent in their care and treatment of Alesia with respect to her employment.

26. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered general and special damages in an amount to be proved at trial.

## COUNT III
### VICARIOUS LIABILITY (PRINCIPAL/AGENT)

27. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 26 above.

28. At all times relevant herein, the co-employee subject to Plaintiff's numerous and repeated complaints were agents of Defendants.

29. Defendants are the principal of the assailant.

30. At all times relevant herein, the Plaintiff's male co-employee, was acting within the scope of agency with said principal, with their authority, and Defendant's and each of them are liable for their conduct under the laws of agency.

## COUNT IV
### NEGLIGENT AND/OR INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

31. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 29 above.

32. In performing all of the acts described above, the Defendants and each of them negligently and/or intentionally inflicted severe emotional distress upon Plaintiff.

33. As a direct and proximate result of the Defendants' negligent and/or intentional infliction of severe emotional distress, Plaintiff has sustained general, special and punitive damages in an amount to proved at trial.

## COUNT V
### ASSAULT AND BATTERY

34. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 33 above.

35. Defendant's unlawful and tortious conduct toward Alesia which included unwelcome and unpermitted lewd and obscene sexual advances as well as unwarranted physical touching in the form of sexual assault, constitutes assault and battery.

36. Defendant's actions were extreme and outrageous and were done with malice and

with intent to cause or with the knowledge that said touchings and/or fear of touchings would cause physical and/or emotional injuries to Alesia.

37. As a result of Defendant's assault and battery, Plaintiff has suffered damages in an amount to be proved at trial.

## COUNT VI
## LOSS OF CONSORTIUM

38. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 37 above.

39. As a further direct and proximate result of the conduct of Defendants and each of them, Plaintiff Justin Waiamau, who at all times relevant hereto was the husband of Plaintiff Alesia Waiamau, has been deprived of the love, care, companionship, affection, society, comfort, consortium, protection, marital care, attention and services of his wife.

40. As a result of Defendants' conduct, Plaintiff Justin Waiamau has suffered damages in an amount to be proved at trial.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment in their favor and against Defendants as follows:

A. For general damages in an amount to be shown at trial;

B. For special damages in an amount to be shown at trial;

C. For punitive and/or exemplary damages in an amount to be shown at trial, and

D. For costs, prejudgment and post-judgment interest and such other and further relief both legal and equitable as the Court deems just and necessary under the circumstances.

DATED: Honolulu, Hawaii, June 8, 2011.

MICHAEL JAY GREEN
TE-HINA ICKES
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALESIA WAIAMAU and JUSTIN WAIAMAU; ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HAWAII FIVE STARS, INC.; MCDONALD'S ) <br> CORPORATION; MCDONALD'S ) <br> RESTAURANTS OF HAWAII, INC.; and ) <br> DOE DEFENDANTS 1-50, ) <br> ) <br> Defendants. ) | CIVIL NO. _____ <br> (Other Civil Action) <br> <br> <br> DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED:   Honolulu, Hawaii, June 8, 2011.

MICHAEL JAY GREEN
TE-HINA ICKES
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALESIA WAIAMAU and JUSTIN WAIAMAU; ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HAWAII FIVE STARS, INC.; MCDONALD'S ) <br> CORPORATION; MCDONALD'S ) <br> RESTAURANTS OF HAWAII, INC.; and ) <br> DOE DEFENDANTS 1-50, ) <br> ) <br> Defendants. ) | CIVIL NO. _____ <br> (Other Civil Action) <br> <br> SUMMONS |

## SUMMONS

STATE OF HAWAII

TO: DEFENDANTS

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys, whose address is stated above, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:   Honolulu, Hawaii,   JUN - 8 2011

EX OFFICIO CLERK OF THE ABOVE-ENTITLED COURT

8